UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BETTE J. FOSTER

              Plaintiff,

-vs-

THE HUMANE SOCIETY OF ROCHESTER and
MONROE COUNTY, INC.; LOLLYPOP FARM

              Defendant.

**COMPLAINT**

Civ No.:

## JURY DEMAND

Trial by jury on all issues herein is demanded.

## PRELIMINARY INTRODUCTION

1.      This is an action brought to address discrimination on the basis of sex in

violation of Title VII of Civil Rights Act of 1964 and discrimination on

the basis of age in violation of 29 U.S.C. Section 621 *et. seq.,* the Age

Discrimination in Employment Act ( hereinafter "ADEA") as amended (

covers ages 40 years of age or older in employment).

## ADMINISTRATIVE EXHAUSTION

2.      Plaintiff filed a charge of discrimination with the Equal Employment

Opportunity Commission ("EEOC") on August 10, 2009 alleging

discrimination on the basis of age and sex/gender, and hostile work

environment on the basis of sex/gender.  A Right to Sue Notice was issued

by the EEOC on August 20, 2009.  Less than ninety (90) days have

elapsed since the Plaintiff's receipt of that notice and her subsequent filing of the original complaint in this matter.

### JURISDICTION AND VENUE

3        Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1331 and 1342, 42 U.S.C. § 2000(e), 29 U.S.C. §621, *et seq.*, 29 U.S.C. § 1331, 29 U.S.C. §§ 206 and 216; the Court also has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to adjudicate Plaintiff's claims under state law.

4.       Venue is proper in this Court  pursuant to  28 U.S.C. § 1391.

### PARTIES

5.       Plaintiff is an individual woman who for all relevant times herein was an employee of defendant and was over the age of forty.   Plaintiffis has and is a  resident of the County of Monroe, State of New York.

6.       Upon information and belief, the Defendant  is a non-for-profit corporation organized and operating under the laws of the State of New York, has its principal place of business in the County of Monroe, State of New York, and does business in the State of New York.

## FACTUAL BACKGROUND

7.      Plaintiff is a woman born on March 29, 1963.


8.      Defendant is a not-for-profit corporation who relies on client donations to
        operate and succeed.


9.      Plaintiff began her employment with defendant on September 10, 2008.
        Plaintiff was hired as a Manger of Resource Development.


10.     One of Plaintiff's job functions with defendant was to establish a working
        relationship with corporate clients as well as contact clients for donations
        through sponsorships to Lollypop Farm.


11.     Throughout the entirety of her work history with defendant Plaintiff as
        maintained an above average work history.  In fact, Plaintiff was
        commended for her fund raising successes, for obtaining clientele for
        sponsorships and her work during the preparation for a Telethon in
        February of 2009.


12.     Catherine Wright ("Director Wright") is the Director of
        Development and during Plaintiff's employment with defendant was her
        immediate supervisor.

Page -3-

13.     During Plaintiff's employment with defendant she became aware that
        defendant's President Alice Calabrese Smith ("President Alice"), who is
        married to Greg, was having a relationship with one of defendants largest
        event sponsors Dylan who was also married.

14.     Plaintiff was burdened with the responsibility to keep President Alice's
        relationship in hiding. Plaintiff did not tell her peers or her supervisor, and
        there was no Human Resources representative on staff.

15.     Part of Plaintiff's job function with defendant was to provide sponsors
        with previously agreed upon marketing benefits. President Alice
        frequently asked Plaintiff to provide items and services over and above the
        agreement.

16.     Through Dylan's personal assistant Marcie Wright and President Alice,
        Dylan was in constant contact with Plaintiff and gave Plaintiff his ideas
        regarding how events should be run and how Plaintiff should spend her
        time getting donations for defendant.

17.     Plaintiff was encouraged to work other sponsors to gain donations-such as
        the suggestion to get a car dealership to donate a car for a raffle-and create
        events that Dylan could be involved in, such as a touch football event and

Page -4-

a euchre tournament.

18.     President Alice also suggested that Plaintiff plan and Dylan's personal
        assistant Marcie's bachelorette party.

19.     These responsibilities being placed upon Plaintiff were unrealistic and
        outside of her job responsibilities, and directly impacted Plaintiff's ability
        to do her job.

20.     During this time, Dylan was adamant about how events should be run, and
        he had a larger than normal level of participation in the events, Telethon
        and Warm Up Walk.  His involvement was always intrusive and very
        critical on details.

21.     Whenever Plaintiff tried to curb Dylan's involvement, Alice would usurp
        Plaintiff's decisions and allow Dylan, a non-employee of defendant, to get
        his way.

22.     While Dylan did pay for extra costs, his involvement was a large drain on
        Plaintiff's productive time to perform her responsibilities.

23.     In addition to keeping up with Dylan's ideas, Plaintiff had to be extremely

flexible with her schedule just for Dylan and his requests.

24.    Dylan was not reliable with respect to his time commitments, and
meetings with Dylan would be cancelled or plans would be changed. This
was not unusual for a successful business man but it created a situation
where Plaintiff had to spend several hours a day re-scheduling.

25.    Events Coordinator Debra Calandrillo ("Coordinator Calandrillo")
reported directly to Plaintiff.

26.    Coordinator Calandrillo took issue with Plaintiff, as well as other
management including Director Wright. Coordinator Calandrillo has
numerous issues even prior to Plaintiff's arrival.

27.    Plaintiff complained to her supervisor numerous times concerning
Coordinator Calandrillo's behavior, however, no remedial action was
taken.

28.    Instead, Director Alice and Plaintiff's supervisor would undermine her
management of Coordinator Calandrillo.

29.    Coordinator Calandrillo then approached Plaintiff and said that she was

going to threaten Dylan that if he did not give her the funding and
resources for a certain fund raising event that she would tell his wife about
his relationship with President Alice.

30.     On May 8, 2009, Plaintiff approached Director Alice and informed her of
        Coordinator Calandrillo's threat.

31.     On May 11, 2009, Plaintiff told her immediate supervisor that she was still
        having numerous issues with Coordinator Calandrillo.

32.     Plaintiff's supervisor suggested a meeting with Linda Baird, the VP at the
        Democrat & Chronicle, to assist with human resource management.  Baird
        is renown in the community for superior management.

33.     Plaintiff was told by her supervisor on May 12, 2009, that she wanted to
        meet with Plaintiff regarding her performance after the meeting.

34.     On May 13, 2009, a meeting was had with Plaintiff, her supervisor and
        Linda Baird.  It was recommended by Linda Baird that Coordinator
        Callandrillo be put under performance review and be given conditions of
        employment, which, to Plaintiff's knowledge, never happened.  At that
        meeting, Plaintiff's supervisor told her that President Alice was concerned

about Plaintiff's performance.

35.               Plaintiff was given a plan of action, which was later outlined in an
Interoffice Memorandum.

36.               On May 29, 2009, Plaintiff confided in her supervisor what she knew
about President Alice and Dylan's relationship, including how it was
affecting Plaintiff's work.

37.               Plaintiff's supervisor agreed that what was going on was wrong on "soooo
many levels."

38.               Plaintiff then expressed concern that President Alice may fire her because
of the situation.

39.               On May 30, 2009, Plaintiff expressed her concerns in an e-mail to her
supervisor that she felt, in good faith, that she was subject to a hostile
work environment.

40.               On June 3, 2009, Plaintiff was called into her supervisor's office and told
that her services were no longer needed.

## FIRST CAUSE OF ACTION
### Discrimination in Employment
### Violation of ADEA

38.          Plaintiff repeats and incorporates by reference the allegations stated above

of the Complaint as if they were set forth in full herein.

39.          Defendant, through its agents, engaged in a pattern of unlawful age

discrimination by subjecting Plaintiff to discrimination based on age in

violation of the ADEA, as amended (covers ages 40 years of age or older

in employment), by singling out Plaintiff in regards to her job performance

when in fact Plaintiff's job performance was satisfactory or better than

those employee younger than Plaintiff, and the employment practices of

defendant described above harm older employees of the defendant and

favor younger employees. The practices so described are not based upon a

reasonable factor other than age.

40.          Defendant has purposefully engaged in age discriminatory practices with

the full knowledge that in so doing it was discriminating against its older

employees, without regard for the rights of those employees under the

ADEA.

41.          Defendant discriminated against Plaintiff s employment on account of her

age and thereby violated his right to equal employment opportunity as

protected by the ADEA

42.          As a direct and proximate result of defendant's willful, knowing and

             intentional discrimination against her , Plaintiff has suffered a loss of

             reputation and will continue mental anguish and emotional anguish and

             emotional distress; she has suffered and will continue to suffer a loss of

             earnings and other employment benefits and job opportunities. Plaintiff is

             thereby entitled to general and compensatory damages in amounts to be

             proven at trial.

43.          As a further and proximate result of defendant's violations of the ADEA.

             Plaintiff has been compelled to retain the services of counsel in an effort

             to enforce the terms and conditions of the employment relationship with

             defendant and each of them, and has thereby incurred and will continue to

             incur, legal fees and costs, the full nature and extent of which are presently

             unknown to the Plaintiff. Plaintiff requests that attorney fees be awarded.

44.          Plaintiff is informed and believes, and based thereon alleges, that the

             outrageous conduct of defendant described above was done with fraud,

             oppression and malice, with conscious disregard for her rights, and with

             the intent, design, and purpose of injuring her. Plaintiff is further

             informed and believes that defendant authorized, condoned and/or ratified

             the unlawful conduct alleged herein, specifically. By reason thereof,

             Plaintiff is entitled to punitive or exemplary damages from all defendants

in a sum to be adduced at trial.

### SECOND CAUSE OF ACTION
**Retaliation in Violation of the ADEA**

45.         Plaintiff repeats and re-alleges by reference each and every allegation
contained in the above stated paragraphs  and incorporates the same herein
as though fully set forth.

46.         The ADEA prohibits retaliation against employees for complaining about
age discrimination.  Plaintiff engaged in protected activity under the
ADEA by complaining about her treatment at work and hostile work
environment, Plaintiff was placed on a performance improvement plan in
retaliation for her complaints,  and was given no help or guidance by her
supervisor or any other management of defendant.

47.         As a direct and proximate result of defendant's willful, knowing and
intentional discrimination against her , Plaintiff has suffered a loss of
reputation and will continue to suffer mental anguish and emotional
anguish and emotional distress; she has suffered and will continue to
suffer a loss of earnings and other employment benefits and job
opportunities.  Plaintiff is thereby entitled to general and compensatory
damages in amounts to be proven at trial.

48.         As a further and proximate result of defendant's violations of ADEA.

            Plaintiff has been compelled to retain the services of counsel in an effort to

            enforce the terms and conditions of the employment relationship with

            defendant and each of them, and has thereby incurred and will continue to

            incur, legal fees and costs, the full nature and extent of which are presently

            unknown to the Plaintiff; Plaintiff requests that attorney fees be awarded.


49.         Plaintiff is informed and believes, and based thereon alleges, that the

            outrageous conduct of defendant described above was done with fraud,

            oppression and malice, with conscious disregard for her rights, and with

            the intent, design, and purpose of injuring her. Plaintiff is further

            informed and believes that defendant authorized, condoned and/or ratified

            the unlawful conduct alleged herein, specifically.  By reason thereof,

            Plaintiff is entitled to punitive or exemplary damages from all defendants

            in a sum to be adduced at trial


### THIRD CAUSE OF ACTION
### Violation of NYSHRL based on Age Discrimination

50          Plaintiff repeats and re-alleges by reference each and every allegation

            contained in the above stated paragraphs, and incorporates the sane herein

            as though fully set forth.

51.        Defendant through its agents engaged in a pattern of unlawful age

discrimination based on age and failed to take remedial action with regards

to Plaintiff's complaints of discrimination by singling out Plaintiff in

regards to her job performance, when in fact Plaintiff's job performance

was satisfactory or better than those employees who were substantially

younger than Plaintiff, and eventually terminating Plaintiff in violation of

the New York State Human Rights Law, (hereinafter referred to as

"NYSHRL"), Executive Sections 290 *et seq*. This claim does not raise a

novel or complex issue of law.

52.        Defendant at all times relevant herein had actual and constructive

knowledge of the conduct described above.

53.        As a result of the discrimination perpetrated and maintained by defendant

and to Plaintiff, and their failure to protect the Plaintiff from

discrimination, Plaintiff suffers emotional distress.

54.        Defendant violated the NYSHRL by failing to adequately supervise,

control, discipline, and/or otherwise penalize the conduct, acts, and

failures to act of the defendant as described above.

55.     Defendant failed to comply with their duty to take all reasonable
        and necessary steps to eliminate age discrimination from the workplace
        and to prevent it from occurring in the future.

56.     As a direct and proximate result of defendant's willful, knowing and
        intentional discrimination against her, Plaintiff has suffered a loss of
        reputation and will continue and mental anguish and emotional anguish
        and emotional distress; she has suffered and will continue to suffer a loss
        of earnings and other employment benefits and job opportunities. Plaintiff
        is thereby entitled to general and compensatory damages in amounts to be
        proven at trial. She has incurred and will continue to incur medical
        expenses for treatment by health care professionals, and for other
        incidental expenses, and he has suffered and will continue to suffer a loss
        earnings and other employment benefits and job opportunities. Plaintiff is
        thereby entitled to general and compensatory damages in amounts to be
        proven at trial.

## FOURTH CAUSE OF ACTION
**Retaliation under New York State Human Rights Law, Section 290** *et seq.*

64.     Plaintiff repeats and re-alleges by reference each and every allegation
        contained in the above stated paragraphs, and incorporates the same
        herein as though fully set forth.

65.        Defendant through its agents engaged in a pattern of unlawful age

           discrimination in violation of the NYSHRL, Section 290 *et. seq*. Plaintiff

           engaged in protected activity under the ADEA by complaining about her

           treatment at work and hostile work environment, Plaintiff was placed on a

           performance improvement plan in retaliation for her complaints, and was

           given no help or guidance by her supervisor or any other management of

           defendant.

66.        Defendant at all times relevant herein had actual and constructive

           knowledge of the conduct described above.

67.        As a result of the discrimination perpetrated and maintained by defendant

           and to Plaintiff, and their failure to protect the Plaintiff from

           discrimination, Plaintiff suffers emotional distress.

68.        As a direct and proximate result of defendant's willful, knowing and

           intentional discrimination against her, Plaintiff has suffered a loss of

           reputation and will continue and mental anguish and emotional anguish

           and emotional distress; she has suffered and will continue to suffer a loss

           of earnings and other employment benefits and job opportunities. Plaintiff

           is thereby entitled to general and compensatory damages in amounts to be

           proven at trial.

## FIFTH CAUSE OF ACTION
## Discrimination in Employment Under Title VII

41.     Plaintiff repeats and re-alleges by reference each and every allegations
        contained in the above stated  paragraphs and incorporates the same as
        though fully set forth herein.

42.     Defendants, through its agent, engaged in a continuing pattern of
        unremedied sex discrimination by subjecting Plaintiff to unwelcome
        sexual harassment through the creation of a hostile work environment in
        violation of Title VII of the Civil Rights Act of 1964, as amended.
        Plaintiff's claims are subject to the continuing violations doctrine.

43.     Defendant at all times relevant herein had actual and constructive
        knowledge of the conduct described herein.

44.     The above described unwelcome sexual harassment by defendant's agent
        created an intimidating, oppressive work environment which interfered
        with the Plaintiff's well being.

45.     As a result of the hostile and offensive work environment, perpetrated and
        maintained by defendant and their failure to protect the Plaintiff from
        further harassment, the Plaintiff suffers from severe emotional distress.

46.     Defendants violated Title VII of the Civil Rights Act of 1964, as amended,
        by failing to adequately supervise, control, discipline, and/or otherwise

penalize the conduct, acts and failures to act of the defendants as described above.

47. Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

48. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; she has incurred and will continue to incur medical expenses for treatment by health care professionals, and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at trial.

49. As a further and proximate result of defendant's violations of Title VII of the Civil Rights Act of 1964, as amended, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendants and each of them, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Plaintiff further requests that attorney fees be awarded.

Page -17-

50.     Plaintiff is informed and believes, and based thereon alleges, that the
        outrageous conduct of defendant described above was done with fraud,
        oppression and malice, with a conscious disregard for her rights, and with
        the intent, design, and purpose of injuring her.   Plaintiff is further
        informed and believes that defendant authorized, condoned and/or ratified
        the unlawful conduct alleged herein, specifically.  By reason thereof,
        Plaintiff is entitled to exemplary damages from all defendants in a sum to
        be adduced at trial.

### SIXTH FOURTH CAUSE OF ACTION
### Discrimination Under New York State Human Rights Law

51.     Plaintiff repeats and re-alleges by reference each and every allegations
        contained in the above stated  paragraphs and incorporates the same as
        though fully set forth herein.

52.     Defendants, through its agent, engaged in a continuing pattern of
        unremedied sex discrimination by subjecting Plaintiff to unwelcome
        sexual harassment through the creation of a hostile work environment in
        violation of The New York State Human Rights Law, ("NYSHRL")
        Executive Sections 290, *et seq.*  This claim does not raise a novel or
        complex issue of law.

53.     Defendant at all times relevant herein had actual and constructive
        knowledge of the conduct described herein.

54. The above described unwelcome sexual harassment by defendant's agent created an intimidating, oppressive work environment which interfered with the Plaintiff's well being.

55. As a result of the hostile and offensive work environment, perpetrated and maintained by defendants, and each of them, and their failure to protect the Plaintiff from further harassment, the Plaintiff suffers from severe emotional distress.

56. Defendants violated the NYSHRL as amended, by failing to adequately supervise, control, discipline, and/or otherwise penalize the conduct, acts and failures to act of the defendants as described above.

57. Defendant failed to comply with their duty to take all reasonable and necessary steps to eliminate sexual harassment from the workplace and to prevent it from occurring in the future.

58. As a direct and proximate result of the defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will continue to suffer pain and suffering and extreme and severe mental anguish and emotional anguish and emotional distress; and for other incidental expenses, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be

proven at trial.

60.          Plaintiff is informed and believes, and based thereon alleges, that the outrageous conduct of defendant described above was done with fraud, oppression and malice, with a conscious disregard for her rights, and with the intent, design, and purpose of injuring her.   Plaintiff is further informed and believes that defendant authorized, condoned and/or ratified the unlawful conduct alleged herein, specifically.  By reason thereof, Plaintiff is entitled to exemplary damages from all defendants in a sum to be adduced at trial.

## SEVENTH CAUSE OF ACTION
### Retaliation Under Title VII

61.          Plaintiff repeats and realleges by reference each and every allegations contained in the  paragraphs stated above  and incorporates the same as though fully set forth herein.

62.          Defendants, and each of them, engaged in a pattern of illegal retaliation in violation of Title VII of the Civil Rights Act of 1964  by failing to take any remedial action whatsoever in regards to Plaintiff's complaints of harassment and hostile work environment compelling Plaintiff's constructive discharge.

63.          As a direct and proximate result of defendant's willful, knowing and intentional discrimination against her, Plaintiff has suffered and will

continue to suffer severe mental and emotional anguish, and she has suffered and will continue to suffer a loss of earnings and other employment benefits and job opportunities. Plaintiff is thereby entitled to general and compensatory damages in amounts to be proven at the time of trial.

64.    As a further and proximate result fo the defendant's violations of Title VII, Plaintiff has been compelled to retain the services of counsel in an effort to enforce the terms and conditions of the employment relationship with defendants and each of them, and has thereby incurred and will continue to incur, legal fees and costs, the full nature and extent of which are presently unknown to the Plaintiff. Accordingly, Plaintiff requests that attorney fees be awarded.

65.    Defendants conduct as described herein was malicious and oppressive, and done with a conscious disregard of Plaintiff's rights. The acts were performed with the knowledge of an employers' economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to exemplary damages from all defendants.

## EIGHTH CAUSE OF ACTION
### Retaliation under New York State Human Rights Law, Executive Law § 290 *et seq.*

66.         Plaintiff repeats and re-alleges by reference each and every allegations
            contained in the above stated  paragraphs  and incorporates the same as
            though fully set forth herein.

67.         Defendants, and each of them, engaged in a pattern of illegal retaliation in
            violation of New York State Human Rights Law, Executive Law Section
            290 et seq. by failing to take any remedial action whatsoever in regards to
            Plaintiff's complaints of sexual harassment compelling Plaintiff's
            constructive discharge.

68.         As a direct and proximate result of defendant's willful, knowing and
            intentional discrimination against her, Plaintiff has suffered and will
            continue to suffer severe mental and emotional  anguish, and she has
            suffered and will continue to suffer a loss of earnings and other
            employment benefits and job opportunities.  Plaintiff is thereby entitled to
            general and compensatory damages in amounts to be proven at the time of
            trial.

69.         Defendants conduct as described herein was malicious and oppressive, and
            done with a conscious disregard of Plaintiff's rights.   The acts were

performed with the knowledge of an employers' economic power over its employees. Defendant ratified the unlawful conduct of its employees in this action. Consequently, Plaintiff is entitled to exemplary damages from all defendants.


DATED:    November 10, 2009
          Rochester, New York


                              *CHRISTINA A. AGOLA, PLLC*

                              **/s/ Christina A. Agola**

                              Christina A. Agola
                              Attorney for Plaintiff
                              2100 First Federal Plaza
                              28 East Main Street
                              Rochester, New York 14614
                              (O)585.262.3320
                              (F)585.262.3325
                              cagola@agolalaw.com